In the Matter of the BRAZIL CREEK CON-
SERVANCY DISTRICT NO. 4 OF LATI-
MER AND LeFLORE COUNTIES, State of
Oklahoma.

No. 39806.

Supreme Court of Oklahoma.

May 21, 1963.

Rehearing Denied June 18, 1963.

William D. Mobley, Poteau, for plaintiffs in error.

Marvin C. Emerson, Oklahoma City, Harrell F. Followell, Poteau, for defendants in error.

HALLEY, Vice Chief Justice.

This is an appeal from an order of the District Court of LeFlore County establishing the Brazil Creek Conservancy District No. 4 of Latimer and LeFlore Counties (hereafter called district). The petitioners, certain landowners of property within the proposed district, commenced the proceeding by filing with the court clerk of LeFlore County their petition to establish such district under the provisions of 82 O.S.1961 § 541 et seq. The plaintiffs in error are certain landowners of property within the proposed district who filed their objections to the formation of the district and appeared at the hearing to contest the creation and establishment of the district.

At the hearing the petitioners called several witnesses to prove the number of landowners in each of the two counties in the proposed district and the number of such landowners in each county who signed the petition to form the district. The plaintiffs in error demurred to the petitioners' evidence on the grounds that the evidence was insufficient to entitle them to relief. Plaintiffs in error did not present any evidence and renewed their demurrer to the evidence and moved for judgment against petitioners. The district court overruled the demurrer and motion and established the district. The motion for new trial of plaintiffs in error was overruled and they bring this appeal.

The pertinent part of the statute, 82 O.S. 1961 § 542, concerning the required number of owners of land in the proposed district which must sign such a petition is as follows:

"If said district affects two or more counties, the said petition shall be signed by twenty-five per cent (25%) of the owners of the land embraced in the proposed district *in each county,* each county being considered as a separate unit for the determination of whether a sufficient number have signed the petition, or by one hundred or more property owners of each county, any part of which is located in the proposed district, if that number resides within the portion of the county described in the petition, otherwise fifty per cent (50%) of such property owners residing therein; * * *". (Our emphasis.)

Although plaintiffs in error contend that the petitioners did not present proper evidence concerning the landowners who signed the petition, this appeal can be decided without discussing such contention. The basic argument of plaintiffs in error is that petitioners failed to prove that the required number of landowners signed the petition. We agree. The district court therefore erred in failing to sustain the demurrer to the evidence and motion for judgment of plaintiffs in error.

Giving the fullest effect to petitioners' evidence, it showed that there were 114 owners of land in Latimer County and 156 owners of land in LeFlore County in the proposed district. Of these, 44 in Latimer County and 86 in LeFlore County signed the petition.

The statute quoted above requires that 25% of the owners of land embraced in the proposed district *in each county* must sign the petition. There are 270 owners of land embraced in the proposed district and 25% is 67.5, therefore 68 landowners. Thus, it is clear to us that the statute requires in this case that at least 68 landowners in each county must sign the petition. As set out above, petitioners proved, at most, that only 44 owners of land in Latimer County signed the petition. It is also clear that the other part of the quoted statute was not satisfied. This is true because

the petition was signed by neither 100 land-owners in Latimer County nor by 50% of the landowners therein which would have to be 57 or more in Latimer County.

The petitioners failed to prove that they were entitled to relief, and the demurrer to their evidence and motion for judgment should have been sustained.

For the reasons stated, the judgment of the district court is reversed with directions to enter judgment for the plaintiffs in error.

BLACKBIRD, C. J., and JOHNSON, WILLIAMS and BERRY, JJ., concur.

WELCH, DAVISON, JACKSON and IRWIN, JJ., dissent.